Plaintiff-appellant filed suit in the court below against Joseph Edell and others, defendants-appellees, to recover a $25,000 real estate commission under a verbal listing contract alleged to have been made with plaintiff by the defendants. The defendants were co-owners of the property, and the plaintiff claimed that the listing was given to him by the defendant, Joseph Edell. At the first trial of the cause, the jury found for the defendants on evidence of the defendants directed solely to the mental capacity of the defendant Edell to enter into the listing contract. Upon appeal, this court reversed and a new trial was awarded, on the ground that defendants' plea setting out the mental incapacity of Joseph Edell was legally insufficient to put in issue the question of the invalidity of the listing contract by reason of Edell's mental incapacity, and for the error of the trial court in its instructions to the jury on this same question. See Perper v. Edell, 160 Fla. 477, 35 So.2d 387.
At the re-trial of the cause, the defendants abandoned the defense of the mental incapacity of Edell and went to trial on the issue of whether or not Edell had actually listed the property with plaintiff. The verdict was again in defendants' favor, judgment was entered, and this appeal is from such verdict and judgment in the second trial of the cause.
Before the time of the second trial, the defendant Edell had died, so that the evidence as to whether or not he entered into the listing contract with plaintiff was, of necessity, circumstantial. Edell did not testify during the first trial, nor did the other defendants, the evidence at that trial being limited, as heretofore indicated, to the testimony of two physicians relating to Edell's physical and mental incapacity.
The plaintiff's testimony was, in substance, that Edell had given him the listing during the course of a drive around Miami Beach in plaintiff's car; that Edell had requested plaintiff to drive him around because he (Edell) "was bored;" that Edell had appeared perfectly normal and intelligent, and in good humor, and had chatted about world affairs and discoursed in French, during the drive.
The testimony of Edell's wife directly contradicted that of plaintiff. She testified that she never left Edell for more than a few minutes at a time because she was afraid he would commit suicide in her absence; that Edell did not go for a drive with plaintiff on the day the listing was claimed to have been made; that, in fact, Edell had never gone for a drive with plaintiff. She also testified concerning Edell's poor health and his depressed state of mind. Mrs. Edell's testimony was corroborated by that of Mrs. Jennie Grossinger, a co-owner of the property and one of the defendants herein, as to Edell's illness and mental depression. Mrs. Grossinger also testified that she "tried to talk and discuss current events with him and nothing interested him but his own self." *Page 80 
The defendants were allowed to introduce, over the objection of plaintiff, the testimony of the two physicians who had testified during the first trial — one an orthopedic surgeon and the other a psychiatrist.
The orthopedic surgeon testified that he had operated on Edell for a knee injury and continued to treat him for some months thereafter; that Edell "developed complications" and became "what you might call a mental case," and threatened to commit suicide on several occasions; that he developed an obsession about himself — hallucinations; that, at the time of the alleged listing, Edell "was in no condition whatever to do any business — far from it."
The psychiatrist testified that Edell was suffering from a severe agitated depression, with a suicidal tendency; that he was "psychotic," which "would ordinarily be interpreted as an insane man;" that Edell was "unable to project his thought on anything other than himself." This witness testified at length concerning the many electrical shock treatments which were administered to Edell to bring him back to normalcy; that it was necessary at times to use force to administer these treatments, and that they had to be given at the Miami Retreat, rather than at the doctor's office, because of the disturbance created by Edell. He also testified that he did not think Edell "would be able to understand a business transaction at all, for the simple reason that he couldn't get his attention off of himself long enough."
The trial court ruled that "the mental condition of Mr. Edell is relevant only as bearing upon the existence or non-existence of the contract, and not upon the legal effect of the contract," and the jury was so instructed.
The sole ground urged for reversal, on this appeal, is the trial court's ruling which admitted into evidence the testimony of the two physicians relating to Edell's mental capacity.
It is contended by the defendants, on this appeal, that the evidence of the two physicians was relevant to the question of whether or not Edell entered into the contract, in that it tended to corroborate the testimony of Mrs. Edell and to negative the testimony of plaintiff. Even if we concede its relevancy for those purposes, its probative force is still conjectural and remote. We conceive the rule to be that, if the introduction of the evidence tends in actual operation to produce a confusion in the minds of the jurors in excess of the legitimate probative effect of such evidence — if it tends to obscure rather than illuminate the true issue before the jury — then such evidence should be excluded. Wigmore on Evidence, Third Edition, Section 904; 31 C.J.S., Evidence, § 159, page 869; Atlantic Coast Line R. Co. v. Campbell, 104 Fla. 274, 139 So. 886; McCaffrey v. Schwartz, 285 Pa. 561, 132 A. 810; Golden Reward Min. Co. v. Buxton Min. Co., 8 Cir., 97 F. 413; Veer v. Hagemann, 334 Ill. 23,165 N.E. 175; Biener v. St. Louis Public Service Co., Mo. App., 160 S.W.2d 780.
The true issue before the jury was whether or not Edell listed the property with plaintiff, and not whether he was mentally incompetent so to do. While it is true that the jury was instructed not to consider the evidence of Edell's mental incapacity except as it related to the existence or non-existence of the contract, it seems to us that the trial court required the jury to exercise a subtle discrimination beyond the compass of ordinary minds. It is for ordinary minds, and not for psychoanalysts, that our rules of evidence are framed. When the risk of confusion is so great as to upset the balance of advantage, the evidence should be excluded. Shepard v. United States, 290 U.S. 96, 54 S.Ct. 22, 78 L.Ed. 196.
It is our conclusion that the evidence of the physicians relating to Edell's mental incapacity should have been excluded, as tending to confuse and mislead the jury far beyond any probative value which such testimony had. Its admission into evidence was therefore error, and it was not harmless error. As stated by this court in Atlantic Coast Line R. Co. v. Campbell, supra [104 Fla. 274, 139 So. 890]. "In close cases of contested fact, where testimony of this character is improperly admitted over * * * objection, this *Page 81 
court must accept it as having been tendered by the (party) and admitted by the court for the purpose of establishing some fact vitally necessary to prove (the) case, or as having a tendency to influence the jury in reaching a conclusion * * * where such testimony goes to the jury with the sanction of the court, and a verdict is obtained in favor of the party insisting upon the introduction of such testimony, this court cannot look into the minds of the jury and determine to what extent such testimony induced the verdict rendered, nor can we say that it had no effect and was harmless."
To the same effect is the statement in 3 Am.Jur., Appeal and Error, Sec. 1029, page 584, that "Where there is such a conflict in the evidence that a determination either way would not be disturbed on appeal, it cannot be said that the losing party is not prejudiced by material evidence erroneously admitted, and this has been held true even though the evidence was cumulative."
For the reasons stated, the judgment is reversed and new trial awarded.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.