CARROLL, Judge.
This is an appeal by two of the defendants, against whom a judgment was rendered based on a jury verdict for the plaintiff, in an action for damages for personal injuries. A third defendant was exonerated by the jury.
The plaintiff Michael Allen, then 14 years of age, was injured when he fell to the street from the open tailgate of a station wagon being driven by the defendant Short. The latter was employed by the appellant The Miami Herald Publishing Company, publisher of a daily morning newspaper in Dade County. Short was a district manager for circulation delivery. Michael Allen was a delivery boy, an independent contractor.[1] In the course of his employment, Short was driving the station wagon, in which at the time were several delivery boys, being transported incident to their duties to deliver papers to subscribers. Allen was standing on the open or lowered tailgate. As the vehicle turned a corner Allen fell. The cause was tried- on issues of negligence and contributory negligence. There was evidence upon which the jury could, and presumably did find that the driver Short was negligent in the manner in which the automobile was driven in the circumstances prevailing.
Appellants contend the court committed error in permitting the plaintiff, over objection, to introduce evidence of a prior accident in which a boy had fallen (from a sitting position) from the tailgate of the station wagon while being driven by Short.
During presentation of evidence by the defendants, while Short was testifying, the attorney for the plaintiff in cross-examining Short asked whether he had been involved in such an accident on a prior occasion. Defendants’ objection thereto on the grounds of irrelevance and immateriality was overruled. Short answered that he could not recall. After the defendants concluded, the plaintiff produced a witness in rebuttal, who, over defendants’ objection, testified regarding the prior accident, as referred to above.
In our view the contention made by the appellants relating thereto has merit. It was error to permit testimony of a prior accident. The evidence which had been presented in the case was not such as to supply a reason or exceptional circumstance which would lend relevance or materiality to such testimony. Nor can we agree with the position taken by the appel-lees that testimony as to a prior accident *36 amounted to no more than harmless error. Since on the evidence in this case the issues of negligence and contributory negligence were nicely balanced, there is no way to know whether the prior accident testimony did or did not have a material bearing upon the verdict rendered by the jury.
In Atlantic Coast Line R. Co. v. Campbell, 104 Fla. 274, 139 So. 886, a truck which was backed up to a railroad car was overturned by an act of the railroad in negligently causing a collision with the truck. Shortly after being overturned the truck caught fire and burned. An issue presented in the trial of that case was whether the destruction of the truck by fire was proximately caused by the overturning thereof. Over objection of the defendant the plaintiff was permitted to question the local fire chief on whether he had observed such fires resulting from overturned vehicles on other occasions. Upon holding it was error to allow such testimony, the Supreme Court said (139 So. at 890):
“The evidence offered presented a purely collateral issue, which was both remote and uncertain, affording no reliable ground for comparison, if established. It was calculated rather to confuse and mislead the jury than to aid them in coming to a direct conclusion on the matter submitted for their determination, which was the necessary relationship of the fire to the overturning of the truck. Being so, it was inadmissible, and should not have been received over the defendant’s objection.” (Adding citation.)
Following that statement in the Campbell case, the Supreme Court pointed out, as a reason for not allowing such evidence, that if testimony of the fire chief (as given), of two earlier occasions when overturned vehicles had burned should be permitted, then it would have been appropriate for the defendant railroad to present evidence of other occasions where vehicles had been overturned and had not caught fire. In relation thereto the Supreme Court said: “The result would be, had the defendant done so, that the jury would ultimately have been trying a purely collateral issue, the decision of which would have had no material bearing upon the cause of the fire involved in this particular case.”
What was said there in the Campbell case is applicable here. The variables and differences inevitably existing in the circumstances of this and the prior accident would preclude delving into the latter with testimony pro and con thereon. To have done so would have served to impose upon the jury the need to decide a collateral issue having slight, if any, relevance to the case at hand, and more apt to confuse than to assist the jury in its determination of the issues which were properly before it in this case. See also Florida Cent. & P. R. Co. v. Mooney, 45 Fla. 286, 33 So. 1010; Annot. 20 A.L.R.2d 1210.
For the reasons assigned the judgment is reversed, and the cause is remanded to the circuit court for a new trial.

. See Peairs v. Florida Publishing Company, Fla.App.1961, 132 So.2d 561.