ON PETITION FOR REHEARING GRANTED
MELVIN, WOODROW M., Associate Judge.
The appeals of William G. Collins spring from a wrongful death action and a survival action filed by him in the trial court against defendants Florida Towing Corporation and Commodores Point Terminal Corporation. The parties will be referred to here in the posture occupied by them in the trial court. The plaintiff in the wrongful death action sued individually and as the father of his deceased minor son, Brent Lewis Collins. The plaintiff in the survival action sued as administrator of the estate of his minor son, Brent Lewis Collins.
The plaintiff in each suit went forth on the theory of attractive nuisance, seeking damages against Florida Towing Corporation, the owner of a sunken tugboat, and the defendant, Commodores Point Terminal Corporation, the owner of a bulkhead adjacent to which the tugboat had sunk. The defendant Florida Towing was charged with negligence for placing the tug in its location a few feet from the bulkhead, and the defendant Commodores Point Terminal Corporation was charged with negligence in permitting the tug to be so placed. The plaintiff’s minor son, Brent Lewis, with other children was seen playing on a board that connected the bulkhead of the Commodores Point property and the partially submerged tug. A short time later Brent was found in the bottom part of the tug. His death was due to drowning.
These suits were merged for purpose of trial, and the jury returned four verdicts. In the suits by the plaintiff individually, the jury found in favor of each defendant. In the survival action, the jury returned its verdict for the defendant Commodores Point Terminal Corporation, and also returned its verdict for the plaintiff as administrator, against the defendant Florida Towing Corporation for the sum of $512.-00 as compensatory damages, said sum being the amount of the funeral costs for Brent Collins. The plaintiff has prosecuted his appeals from the final judgments entered by the trial court based upon the jury verdicts.
*461 The plaintiff presents for our determination the question of whether the Court erred in admitting into evidence over his strenuous objections testimony relating to his conduct for a period of time before the accident, to and including the time of the trial, such testimony relating to the subject of the plaintiff having abandoned his wife and children to live with another woman in an area in Jacksonville far removed from the place where his wife and children resided; and, further, whether the verdict in the administrator’s action was inadequate as a matter of law.
Collins, in his suit in behalf of himself as Brent’s father and in behalf of Brent’s mother, alleged that they both “suffered intense mental pain and anguish” over the loss of his son, caused by the alleged negligence of the defendants. This allegation did not relate to a remote or collateral subject. The allegation presented an issue of fact concerning which the jury was entitled to know the truth. Upon this issue the jury was entitled to hear testimony concerning the affection and concern that the plaintiff had for his small child, or the lack thereof. In Williams v. State, 110 So.2d 654, 658 (Fla.1959), the Court held that “. . . any fact relevant to prove a fact in issue is admissible into evidence unless its admissibility is precluded by some specific rule of exclusion”. In that regard, it was relevant to the issue that the jury know that the plaintiff for some time prior to the accident had left his wife and children for the abode and companionship of some other woman in his home city. The jury was also entitled to know the fact that the plaintiff’s regard for the welfare of his wife and children was such that he had provided no way for them to contact him, even in the face of such an emergency as a tragic death. It was the plaintiff’s admission that he did not go home any more than he had to.
.The cases of Perper v. Edell, 44 So.2d 78 (Fla.1949), and Seaboard Air Line Railroad Company v. Ford, 92 So.2d 160 (Fla.1957), relied upon by the plaintiffs are to be distinguished from the case before this court. In Perper v. Edell, plaintiff sought to recover a real estate commission based upon an alleged verbal contract. One issue before the jury was the mental capacity of Edell to enter into the contract in question. The jury rendered a verdict in favor of the defendant, and the defendant’s judgment was reversed on appeal. In the second trial the defense of mental incapacity of Edell, then deceased, was abandoned and the case was tried upon the sole issue of whether or not Edell had in fact entered into a listing contract with Perper. The verdict in the second trial was for the defendant and upon appeal the verdict and judgment was reversed. During the second trial defendant’s legal representatives and his widow were permitted to offer testimony concerning the mental incapacity of Edell and his inability to understand any business transaction. In reversing, the Court pointed out (text 80), “the true issue before the jury was whether or not Edell listed the property with the plaintiff, and not whether he was mentally incompetent so to do”. Thus, it is observed that the evidence complained of related to a collateral matter not within the issue before the Court. Likewise, in Seaboard Air Line Railroad Company v. Ford, evidence was permitted to go to the jury relating to several employees who had claimed to have occupational dermatitis without any determination first having been made as to whether in fact such employees did have occupational dermatitis. The Court considered such testimony as not being relevant to the issue, and considered that it was more confusing to the jury than it was helpful in arriving at a correct factual determination of the issue. Here again, the invalidated judgment was predicated upon collateral matters.
The jury in the case under review also had for consideration the issue of contributory negligence, and evidence was presented from which the jury may have found that the young boy’s mother as well as the plaintiff was guilty of such a pattern of paternal neglect and disregard of his wel *462 fare and safety as to constitute contributory negligence. That testimony is not here. No issue is made as to the sufficiency of the evidence to support such an affirmative defense.
We next consider the complaint directed to the alleged insufficiency of the verdict and judgment in the administrator’s action. The jury heard and considered all of the evidence as the same related to the probability of the creation of an estate by the young boy. It was the judgment of the jury, as reflected in its verdict, that he would not have created an estate had he lived. There is no evidence in this record that would have mandated the jury to find that this young child would have become a producer rather than a consumer, and would have accumulated any estate. This was a matter of fact to be determined by the jury, and it was the responsibility of the plaintiff to establish the issue by the greater weight of the evidence. By its verdict the jury determined that the plaintiff administrator failed in this regard.
In a court where mortals sit as judges of fact and of the law, a litigant may not expect a perfect trial. He is entitled to a trial free of prejudicial error. This the plaintiff received in the trial court.
The judgments appealed from are affirmed.
RAWLS, J., concurs.
CARROLL, DONALD K., Acting C. J., dissents.