299 So.2d 590 (1974)
Eugene C. PERRET, As Administrator of the Estate of Randall Wayne Perret, a Deceased Minor, Petitioner,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Respondent.
Eugene C. PERRET, Petitioner,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Respondent.
Anna Belle WILSON, As Administratrix of the Estate of Steven Craig Fain, a Deceased Minor, Petitioner,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Respondent.
Anna Belle WILSON, Petitioner,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Respondent.
Nos. 44463-44466.
Supreme Court of Florida.
July 3, 1974.
Rehearing Denied September 25, 1974.
E. Earle Zehmer and William C. Gentry, of Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, for petitioners.
George D. Gabel, Jr., of Toole, Taylor, Moseley, Gabel & Milton, Jacksonville, for respondent.
McCAIN, Justice.
Petitioners seek review by certiorari of a decision of the First District Court of Appeal reported at 281 So.2d 388 (1973). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, F.S.A.
This action was commenced by the filing of complaints in the Circuit Court of Duval County alleging that the Defendant-Railroad *591 was guilty of negligence in the operation of its train, and negligently maintaining and controlling its railroad crossing in a dangerous and hazardous condition by permitting trees and other growth to obstruct the vision of oncoming trains. The Railroad denied the charges of negligence and claimed that the conduct of the driver of the automobile involved in the train-automobile accident was the sole cause of the accident.
The accident occurred at approximately 7:30 p.m., December 24, 1969, at the Seaboard crossing on Dunn Avenue, Jacksonville, Florida. Dunn Avenue is a paved two-lane road, generally running east-west; the two main line railroad tracks run north-south. At this junction, the Railroad right of way extends approximately 100 feet on either side of the tracks. Trees and other growth extend approximately 30 feet onto the Railroad's right of way. A standard railroad crossbuck was installed on each side of the crossing, but no flashing lights or other automatic warning devices were provided.
The decedent-boys, passengers in an automobile driven by Mark Kuns, were travelling east on Dunn Avenue returning from a store situated one-half mile west of the crossing. As the car crossed the tracks, it was struck by a northbound freight train on the right or passenger's side. The train was travelling at between 53 and 55 miles per hour and there was conflicting testimony as to the speed of the automobile. One witness testified that the automobile was travelling at approximately 15 miles per hour while the Railroad engineer stated that the speed of the vehicle was approximately the same as the speed of the train.
One of the issues raised during the trial was the admissibility of evidence concerning the occurrence of a prior accident at the same crossing. The evidence sought to be admitted concerned a vehicle-train collision which occurred two weeks prior (December 10, 1969) to the accident which was the subject of the instant litigation.
In the December 10, 1969 collision, a van-type truck was travelling east on Dunn Avenue at approximately 8:30 p.m. under similar lighting circumstances when it was struck by a north-bound passenger train travelling at approximately 70 miles per hour. The condition of the vegetation on the right of way was shown to be in the same condition at the time of both accidents.
The trial court excluded all evidence of the prior accident, except for certain references by some witnesses to "other" accidents in order to show their attentiveness to the approach of trains at the crossing in question.
Further, during the trial, employees of the Railroad who were charged with maintaining the crossing, testified that they had found the crossing and right of way to be reasonably clear and that the trees and undergrowth did not obstruct the view of approaching motorists.
The District Court was presented with the issue of:
"Whether the Circuit Judge erred in excluding evidence of a prior accident which occurred under similar conditions at the railroad crossing involved in this case."
That court in a Per Curiam opinion affirmed the trial court with one Judge dissenting.
It is the petitioners' position that the defendant Railroad, having a duty to use reasonable care in the maintenance of the crossing premises where the plaintiffs' children were killed, knew that the crossing was dangerous because of obstructions on the right of way, and, further that the Railroad, having such knowledge, failed to exercise reasonable care in correcting or giving adequate warning of such condition.
Petitioners also urge that the exclusion of competent evidence proving this critical element of plaintiffs' case was fundamental error.
The general rule as to the admissibility of evidence of prior accidents to prove the *592 existence of a dangerous condition is best expressed in 29 Am.Jur.2d § 306 wherein it states:
"Subject to the general requirement of similarity of conditions, reasonable proximity in time, and avoidance of confusion of issues, the courts have generally recognized that evidence of prior similar accidents at the same place as that of the accident in suit, or evidence of prior similar injuries resulting from the same appliance as the injury in suit, is admissible for the purpose of showing the existence of dangerous or defective premises or appliances."
Much care must be exercised in the application of this rule inasmuch as the adoption of a rule of such broad admissibility would be tantamount to permitting the proof of negligence vel non by a showing of similar prior accidents. This could not be acceptable. Thus, safeguards must be maintained.
A body of case law has developed in Florida which has presented guidance for this determination and ultimate conclusion.
In Loftin v. Dagley, 152 Fla. 831, 13 So.2d 311 (1943), the respondent, Dagley, apparently caught his foot in a flangeway between a rail and a plank on the Railroad's crossway. The trial court refused to strike certain testimony of a rebuttal witness which tended to show that the crossing was not in good condition, contrary to that as asserted by the Railroad's employees. The rebuttal witness testified that the crossing, in his opinion, was dangerous to pedestrians using it; that it had been in such condition for several years prior to the incident under review; and that some 3 years and 4 months before the injury to the plaintiff, the witness' child had caught his foot in the same crevice.
This Court found that the evidence was properly admissible as rebuttal testimony once the Railroad's employees testified as to the "good" condition of the crossing. In addition, this Court went further to state:
"... The statement was relevant and admissible to show the dangerous condition or character of the place of injury; it having been previously testified to that the same condition had prevailed continuously from the time of that incident up to the time of the injury to the plaintiff." Id. at 313.
Precluding such testimony of prior accidents under similar conditions, not too remote in time, has been held by our Court to constitute fundamental error.
"... So, if the plaintiff intended to prove that a dangerous condition existed at that place and intended to prove that condition by showing that others had fallen at that place because of those conditions, it would first be necessary to prove that the fall or falls had occurred, and when the plaintiff was precluded from showing this, such ruling constituted fundamental error." Florida Coastal Theatres, Inc. v. Belflower, 159 Fla. 741, 32 So.2d 738, 740 (1947).
Admittedly, discretion must be exercised to avoid the introduction of collateral issues which would mislead the jury from the matter in controversy.
Such was the situation in Short v. Allen, 254 So.2d 34 (Fla.App. 1971) wherein a newspaper delivery boy fell from the tailgate of the station wagon being driven by the appellant Short. The plaintiff at trial, over the defendant's objection, admitted evidence of a prior accident in which another paper boy fell from the tailgate of a station wagon being driven by Short. The question in Short was not an allegation of a defect in the tailgate of the station wagon but rather the negligence of the driver Short and the alleged contributory negligence of the paper delivery boy. The District Court correctly concluded in citing from Atlantic Coast Line R. Co. v. Campbell, 104 Fla. 274, 139 So. 886, that:
"... The result would be, had the defendant done so, that the jury would ultimately have been trying a purely collateral *593 issue, the decision of which would have had no material bearing upon the cause of the fire involved in this particular case."
The District Court was saying in effect that the introduction of this collateral evidence was being tendered and used to prove Short's negligence vel non.
Other jurisdictions, when presented with this issue, have ruled in conformity with this analysis. In Jewell v. Pennsylvania Railroad Co., 183 A.2d 193 (Del. 1962), the Supreme Court of Delaware was presented with a situation wherein the question was basically the balancing of the Railroad's negligence and the contributory negligence of the automobile driver. That Court first determined that the evidence sought to be admitted concerning prior accidents was too dissimilar to have probative value and then stated:
"... The proof of other accidents was approved by the Supreme Court but, at the same time, the Court recognized the general rule that proof of other accidents is inadmissible when it tends `to introduce collateral issues and mislead the jury from the matter directly in controversy.'" Id. at 198.
Respondents assert that this Court should be bound by the application of this rule found in Lowry v. Seaboard Airline R. Co., 171 F.2d 625 (5th Cir.1948). In Lowry, a train-automobile collision occurred at a crossing. The complaint alleged that the crossing was in a thickly populated section and was specially dangerous because the view was obstructed. Plaintiff offered to prove that at the same intersection there had been a similar collision fifteen months previously, and another three years before that, to show the dangerous character of the crossing.
The Court stated that:
"The evidence was properly rejected as irrelevant. It is not claimed that there was a defect in the construction of the crossing which was causing accidents, or that any obstruction to view was on the railroad's right of way; so that in each case there would have to be an enquiry as to whether the fault was that of those running the train or the driver of the car.
"...
"We can conceive of a situation where a succession of accidents might tend to show special danger and the need of special precaution, but this is not such." Id. at 627.
Clearly from the facts as stated, this case is not applicable herein. Plaintiffs here have alleged that the condition of the right of way was such that it obstructed vision of the train. In addition, the accident in question in the case at bar was not so remote in time from the previous accident as those attempted to be proffered in Lowry.
In viewing the evidence sought to be introduced in this cause in the light of these pronouncements, and for the reasons the introduction was sought, we must take cognizance of the case of Chambers v. Loftin, 67 So.2d 220 (Fla. 1953).
"One of the issues in the case under the second count of the declaration was whether the defendants knew or should have known of the dangerous condition of the saw and of the hazards involved in the use of the saw without a guard and whether armed with such knowledge they should have given instructions to their workmen that the guard be used whenever the saw was operated. Inasmuch as the proffer was with respect to prior accidents at the identical saw table in the same shop and not too remote in time, we think that such evidence was admissible on the issue tendered by the second count." Id. at 222.
We are therefore forced to conclude as dissenting Judge Johnson in the District Court concluded:
"The proffer of evidence concerning the December 10th accident clearly fell *594 within the settled rule, inasmuch as it involved the same crossing, occurred at about the same time in the evening under similar weather conditions and was not remote in time and I feel that it was reversible error to exclude such evidence. It was properly within the province of the jury to consider this other accident and it became material in determining whether the appellee was at fault." 281 So.2d 388, at 389-390.
As to petitioners' second point, we find no error or that the error, if any, was cured by further instruction of the trial court.
However, the decision of the District Court is reversed as to petitioners' first point and the cause is remanded to the trial court for further proceedings and a new trial consistent with the views expressed herein.
It is so ordered.
ADKINS, C.J., ERVIN and BOYD, JJ., and RUDD, Circuit Judge, concur.
ROBERTS and DEKLE, JJ., dissent.