## GOVERNMENT EMPLOYEES INS. CO. v. HERMAN
Case No. 81-1288 SP25
County Court, Dade County
October 17, 1981

Robert B. Ely, for plaintiff.

Lawrence D. Faye, for defendant.

STEVEN D. ROBINSON, County Judge

This cause comes before the Court on Plaintiff's motion for rehearing on this Court's order dismissing Plaintiff's Statement of Claim for lack of equity jurisdiction, the Court having held that subrogation is equitable and thus must be brought in the court of general jurisdiction, the Circuit Court, the County Court having jurisdiction only for actions at law, F.S. 34.01 (1)(c) (1980).

> A right of subrogation is properly a matter of equitable cognizance and originally was exclusively so, but, although in many jurisdictions its enforcement is confined to equitable tribunals, in other jurisdictions it is now recognized and enforced at law as in equity. 83 C.J.S. §64 p.715.

*Dantzler Lumber & Expert Co. v. Columbia Casualty Co.*, 156 So. 116 (Fla. 1934), held that subrogation by an insurance company to the rights of its insured is an established branch of equity jurisprudence, and a jury trial was denied in that case on the issue of the rights of the parties. 156 So. 116 at 121.

There is no Florida case on the issue specifying where the factual questions such as liability or damages should be heard, but the long standing practice in our Courts seem to have established, at the least, the doctrine that when the right of action to which the subrogee is subrogated is legal, it is enforceable at law, if it is equitable then one must sue in equity. 83 *C.J.S.* §64 p. 715., Eg: *Atlantic Coast Line R. Co. v. Campbell*, 139 So. 886 (Fla. 1932).

In *Polhemus v. Prudential Realty Corp.*, 74 N.J. Law 570, 67 A. 303 (1907), the Court held that "when the right of subrogation itself is conceded, and there remains to be enforced only the right of realizing the value of the subject matter, such right may, on proper occasion, be

within the cognizance of law." 67 A. 303 at 306. *De Brauwere v. De Brauwere*, 69 Misc. 472, 126 N.Y. Supp. 221 (1910), held that when only a sum of money is involved a case is cognizable at law.

Analogizing to the development of the law of assignments which originally allowed an assignee to sue in his own name only in equity but which now allows him to sue at law in his own name, *Offer v. Superior Court of City and County of San Francisco*, 194 Cal 114, 228 P. 11 (1924), held that the better view is that a court of law can deal with subrogation as it does with the law of assignments. Therefore, a plaintiff who is entitled in equity to subrogation as an assignee may now maintain an action of a legal nature upon the right to which he claims to be subrogated. 228 P.. 11 at 13-14. The actual assignment need not be considered unless contested factually. See: RCP 1.210.

One could argue that the right to sue must first be established in an equitable proceeding and therefore heard in a court with equity jurisdiction, but the better rule which this Court now adopts is that the enjoyment of the right has been generally established, and jurisdiction now depends only on the remedy provided.

It is ORDERED AND ADJUDGED that this Court's ORDER GRANTING MOTION TO DISMISS is reversed and the case is to be for trial as noticed by the Court Clerk.