PER CURIAM.
The plaintiffs herein appeal a final judgment entered on an adverse jury verdict in their insurance by estoppel, bad faith refusal to settle action below. We affirm.
First, no error was committed in denying the plaintiffs’ motions for directed verdict below. The claim here was that the defendant Travelers Indemnity Company was negligent in not denying insurance coverage at the outset of this case and in proceeding to defend the subject claim when there was no coverage, and that had Travelers denied coverage at the outset, the plaintiffs would have settled this case with the putative insured within the limits of the primary insurance carrier’s [GEICO] policy. It is said that the failure to deny coverage prejudiced the putative insured by “blowing” a settlement opportunity — thereby creating insurance estoppel. Cigarette Racing Team, Inc. v. Parliament Insurance Co., 395 So.2d 1238, 1239-40 (Fla. 4th DCA 1981). It is then claimed, quite inconsistently, that Travelers refused in “bad faith” to settle this claim within the limits of the policy on which, plaintiffs assert, Travelers should have denied coverage at the outset. Although very creative, this claim has no basis in Florida law and the trial court, to say the least, committed no error in denying plaintiffs’ motions for a directed verdict at trial. See Tiny’s Liquors, Inc. v. Davis, 353 So.2d 168 (Fla. 3d DCA 1978). Second, no error has been shown in the trial court’s discovery and related evidentiary rulings at trial. See Buchman v. Seaboard Coast Line Railroad, 381 So.2d 229 (Fla.1980); Perper v. Edell, 44 So.2d 78 (Fla.1949); Rosaler v. Rosaler, 442 So.2d 1018 (Fla. 3d DCA 1983), pet. for review denied, 451 So.2d 850 (Fla.1984); Reliable Services, Inc. v. Taft, 247 So.2d 97 (Fla. 3d DCA 1971).
In view of our affirmance on the main appeal, the points raised on the cross appeal become moot. The final judgment appealed from is in all respects
Affirmed.