PER CURIAM.
The defendant Dade County Public Health Trust d/b/a Jackson Memorial Hospital seeks review of a final judgment entered upon an adverse jury verdict in a negligence action arising from a fall by the plaintiff’s incompetent, Jimmy Lee Parker, from a hospital stretcher in the emergency room of the defendant hospital. The defendant raises several points on appeal relating to the admission at trial of certain evidence. We agree that these points present prejudicial error and reverse for a new trial based on the following briefly stated legal analysis.
First, we conclude that the trial court committed reversible error in admitting in evidence three hospital incident reports prepared by hospital-employee witnesses shortly after the accident herein, concerning the subject stretcher fall involved in the instant case. Plainly, these reports were inadmissible in evidence, as urged below, under Section 768.41(4), Florida Statutes (1981), which provides:
“The [hospital] incident reports shall be considered to be a part of the work papers of the attorney defending the establishment in litigation relating thereto and shall be subject to discovery, but not be admissible as evidence in court...”
The fact that the hospital employees testified at trial and professed a lack of memory concerning the subject accident did not, as urged, allow the trial court to admit these reports as “refreshed recollection” [§ 90.613, Fla.Stat. (1981) ] or as “past recollection recorded” [§ 90.803(5), Fla.Stat. (1981) ]. The above statutory exclusion prohibits the admission at trial of hospital incident reports, save perhaps for impeachment purposes, see Tallahassee Memorial Regional Medical Center, Inc. v. Meeks, 543 So.2d 770 (Fla. 1st DCA 1989). The fact that these incident reports might otherwise have been admissible under general provisions of the Florida Evidence Code, absent the statutory exclusion, cannot change this result, else the exclusion would be rendered meaningless as not changing the general rules of evidence in Florida. We have not overlooked the plaintiffs extensive arguments to the contrary on this point, but find them unpersuasive.
Second, we conclude that the trial court committed reversible error in (a) admitting in evidence the deposition of the defendant’s hospital risk manager who testified to numerous prior falls of patients from hospital stretchers at the defendant hospital, and (b) allowing the plaintiff to cross examine the defendant’s emergency room expert concerning these same prior falls. The trial court correctly granted the defendant’s pretrial motion in limine to exclude these prior hospital-stretcher falls on the basis that there was no showing that any of these falls were caused by the hospital’s negligence, or were similar to the hospital-stretcher fall involved in the instant case. Subsequently, the trial court reversed itself and allowed evidence concerning such prior hospital-stretcher falls without requiring a showing that such falls were similar to the fall involved in the instant case; indeed, the only evidence adduced concerning the nature of the prior falls was simply that they were falls of patients from hospital stretchers and nothing more. Plainly, it was error to admit such evidence at trial; we have not overlooked the plaintiff’s extensive arguments *534 to the contrary on this point, but find them unpersuasive. See Perret v. Seaboard Coast Line R.R., 299 So.2d 590, 591-93 (Fla.1974).
Third, we conclude that the admission of the above evidence was highly prejudicial to the defendant and cannot, in any sense, be deemed harmless under the circumstances of this case. Accordingly, the final judgment under review is reversed and the cause is remanded to the trial court for a new trial.'
Reversed and remanded.