# Third District Court of Appeal

## State of Florida

Opinion filed June 12, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1969
Lower Tribunal No. 22-23790 CC
_____

**Jordan Reyes,**
Appellant,

vs.

**GEICO General Insurance Company, etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Maria D. Ortiz, Judge.

Jordan Reyes, in proper person.

No appearance, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

<u>ON MOTION FOR REHEARING</u>

LOBREE, J.

We deny Appellant's motion for rehearing but withdraw our previous

opinion and substitute the following opinion in its stead.

Jordan Reyes appeals from a final summary judgment entered against him in this subrogation case, contending that there remains a material fact in dispute as to whether he caused accident in question. Upon our de novo review of the record, we agree and reverse.

**BACKGROUND**

GEICO General Insurance Company ("GEICO"), as subrogee of its insured, Vanessa Marie Burdick, sued Reyes for damages it paid to or on behalf of Burdick following a motor vehicle accident, alleging among other things, that Reyes owed Burdick a duty of care while operating his motor vehicle, which he breached by causing their accident. Reyes responded with a general denial, asserting: "I will comply moving forward to taking [sic] this case to trial as I do not admit being at fault for this accident . . . ."

GEICO moved for summary judgment, alleging that there were no material facts in dispute and arguing that Reyes' failure to affirmatively allege any defense precluded the court from considering any matter beyond whether the allegations contained in the complaint are true. However, in support of the summary judgment motion, GEICO solely filed an affidavit of indebtedness. Reyes did not respond to GEICO's summary judgment motion. After a hearing, the trial court entered final summary judgment on

2

GEICO's motion and this appeal ensued.

## STANDARD OF REVIEW

"We conduct a de novo review of an order granting summary judgment." Am. Auto. Ins. Co. v. FDH Infrastructure Servs., LLC, 364 So. 3d 1082, 1083 (Fla. 3d DCA 2023) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000)).  "In performing this task, we must view the record and reasonable inferences in the light most favorable to . . . the nonmovant."  Navarro v. Borges,  No. 3D23-0175, 2024 WL 1422996, at *2 (Fla. 3d DCA Apr. 3, 2024).  "[S]ummary judgment is appropriate where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" FDH Infrastructure Servs., LLC, 364 So. 3d at 1083 (quoting Feldman v. Schocket, 366 So. 3d 1104, 1107  (Fla. 3d DCA 2022)).

## ANALYSIS

Although the written order granting final summary judgment does not detail the trial court's reasons for granting GEICO's motion, and we were not provided with a transcript of summary judgment hearing, see Fla. R. Civ. P. 1.510(a) ("The court shall state on the record the reasons for granting or denying the motion."), our appellate review of the issue is not hindered by these failings.  This is so because our de novo review of the scant record

3

shows no material upon which the trial court could have relied in considering the issue of causation, even had it been properly raised in GEICO's summary judgment motion.  See Fla. R. Civ. P. 1.510(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); see, e.g., Umana v. Citizens Prop. Ins. Corp., 282 So. 3d 933, 934 (Fla. 3d DCA 2019) (explaining that "while it is true that the absence of a transcript is not necessarily fatal to review of a trial court's decision at a summary judgment hearing, it is not the nature of the hearing, but rather the nature of the alleged error, which dictates the adequacy of the record on appeal" (citations omitted)).

In DeCespedes v. Prudence Mutual Casualty Co. of Chicago, Ill., 193 So. 2d 224, 227 (Fla. 3d DCA 1966), this court explained:

> The concept of subrogation is distinct from that of a mere assignment.  Subrogation is a "creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it * * * a wrongdoer who is legally responsible for the harm should not receive the windfall of being absolved from liability because the insured had had the foresight to obtain, and had paid the expense of procuring, insurance for his protection; since the insured has already been paid for his harm, the liability of the third person should now inure for the benefit of the insurer." 16 Couch, Cyclopedia of Insurance Law, s 61:18 (2nd Ed. 1964).

> Under the doctrine of subrogation, the insurer is *substituted*, by operation of law, to the rights of the insured. At common law, action was brought in the name of the insured. It is not available to a volunteer, only to one under a duty to pay. Furthermore, it is not available to an extent greater than the amount paid by the insurer, and then only after the insured has been fully indemnified. By contrast, an assignment generally refers to or connotes a voluntary act of *transferring* an interest. Assignments under certain circumstances are to be discouraged, in that they may encourage the presence of officious meddlers who are anxious to volunteer and stimulate litigation.

(footnotes omitted). Thus, the right of an insurer to recover through subrogation is limited to the right which the vehicle owner herself could have asserted directly against the alleged tortfeasor in a suit that she brought for that purpose. See Atl. Coast Line R. Co. v. Campbell, 139 So. 886 (Fla. 1932).

> It was therefore incumbent upon the plaintiff as subrogee to allege and prove that the loss of the [vehicle by accident] was the proximate result of the tortious act of the defendant in [causing a motor vehicle collision] through [his] negligent operation of [his motor vehicle].

Id. at 889; see also Arch Ins. Co. v. Kubicki Draper, LLP, 318 So. 3d 1249, 1255 (Fla. 2021) ("[S]ubrogation exists to hold premium rates down by allowing the insurers to recover indemnification payments *from the tortfeasor who caused the injury.*") (emphasis added).

5

In this case, Reyes' answer placed causation at issue, by denying that he caused the accident. His answer is no more (or less) conclusory than GEICO's averment in its complaint that Reyes drove his vehicle negligently and caused the accident. Thus, even "consider[ing] the facts set forth in [GEICO's] motion for summary judgment as 'undisputed for purposes of the motion,'" Lloyd S. Meisels, P.A. v. Dobrofsky, 341 So. 3d 1131, 1136 (Fla. 4th DCA 2022) (quoting Fla. R. Civ. P. 1.510(e)(2) and holding that where nonmoving party fails to serve response to summary judgment motion trial court was permitted to consider facts in motion as undisputed), GEICO's motion for summary judgment provided no additional proof to establish that Reyes was "legally responsible" for the accident, so this issue remains in dispute and should be resolved by the factfinder.

Reversed and remanded for further proceedings.