MANN, Judge.
A trial judge whose patience matches Job’s entered on April 24, 1968, a final judgment for appellee, on June 6, 1968 an order staying that judgment and on September 16, 1968 an order reinstating it, all of which we did not understand until we read the record. This is basically a simple case which underwent a chemical change as a result of hyperacidity of the lawyers involved.
Herrin’s new Chevrolet was wrecked after 1600 miles. Estridge, the person allegedly responsible for the accident, in which Mrs. Herrin was injured, was insured by another carrier, which had the damage appraised at $1305.50. Herrin refused State Farm’s offer of fifty dollars (the deductible) less than this amount in settlement of his collision claim, holding to the view that the firm making that estimate would not guarantee the car to be restored as good as when damaged. This action ensued.
On June 17 the trial judge entered a six-page order citing the cases delineating the parties’ rights and obligations in such cases. Mims v. Reid, Fla.1957, 98 So.2d 498, is the basic authority for the proposition that prior to payment of the collision claim it is part of the insured’s claim against the tortfeasor and cannot be split from his claim on account of personal injuries. Titus v. Emmco Insurance Company, Fla. App.1959, 109 So.2d 781, permitted the carrier to sue an insured who was erroneously frustrated in his effort to prove property damage in the trial court but did not appeal. In National Surety Corporation v. Bimonte, Fla.App. 1962, 143 So.2d 709, payment to the insured by a tortfeasor who had been notified by the insurer of its claim (but not that it had paid the insured) was held to bar the insurer’s recovery against the third party tortfeasor.
Later, in response to the court’s request, State Farm’s lawyer filed copies of signed releases executed on April 8 by Herrin showing settlement in the amount of $10, and by Mrs. Herrin showing settlement for $3,240.
On September 16, 1968, the trial court entered the order appealed from, which reinstated the April judgment without prejudice to State Farm’s proceeding against Herrin for his failure to fulfill his duty toward the insurer, this order being based on the premise that the facts relied upon occurred after trial.
The question is a close one, and considerable logic supports the view that State Farm’s attorney was apprised of the pend-ency of the Estridge action and could have and should have reported its progress more promptly. Certainly we do not condone the use of Rule 1.540, F.R.C.P. in a case in which Rule 1.530, 31 F.S.A., should have been followed. But this is a case in which “it is no longer equitable that the judgment or decree should have prospective application,” and thus the June 17 order was not erroneous, except for its failure to declare that Herrin had, by releasing the tortfeasor, lost his claim against State Farm.
DeCespedes v. Prudence Mutual Casualty Co. of Chicago, Ill., Fla.App.1966, 193 So.2d 224, affirmed Fla.1967, 202 So.2d 561 controls the disposition of this case. The Third District Court of Appeal distinguished between insurance contracts that are in the nature of investments, to which subrogation does not apply, and insurance contracts that are to indemnify against loss, to which subrogation does apply. DeCes-pedes held that the particular automobile insurance medical payments there involved were clearly for indemnification purposes and that plaintiffs had no right of recovery from their own insurer after plaintiffs settled and executed releases with the third party tortfeasor. See generally, Annotation, 19 A.L.R.3d 1054 (1968).
*711 Although the present case involves a collision claim, such insurance is for indemnification against loss; thus, the rule of DeCespedes applies. See generally, Annotation, 38 A.L.R.2d 1095 (1954). On April 8, 1968, appellee executed for $10 consideration a release of the Estridges “from all claims * * * including property damage to my automobile * * * ” Appellee’s release destroyed appellant’s right of subrogation against the tortfeasor, and appellee thereby lost his right of action under the policy.
Reversed and remanded for entry of final judgment dismissing appellee’s action with prejudice.
HOBSON, Acting C. J., and PIERCE, J., concur.