498 So.2d 421 (1986)
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., Petitioner,
v.
Timothy L. MATTHEWS, et al., Respondents.
No. 67598.
Supreme Court of Florida.
October 16, 1986.
Rehearing Stricken January 5, 1987.
Wm. Howard Solomon, Senior House Counsel, Blue Cross and Blue Shield of Florida, Inc., Jacksonville, Alan C. Sundberg of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, and Edward P. Nickinson, III and Doreen Spadorcia of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Pensacola, for petitioner.
John N. Boggs, Panama City, for respondents.
Raymond T. Elligett, Jr. and Charles P. Schropp of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Jack Eckerd Corp., amicus curiae.
William W. Tharpe, Jr. and Lisa S. Santucci, Tallahassee, for The Florida Dept. of Ins., amicus curiae.
SHAW, Justice.
We have jurisdiction to review Blue Cross and Blue Shield of Florida, Inc. v. Matthews, 473 So.2d 831 (Fla. 1st DCA 1985), because the district court below construed a provision of the state constitution and expressly validated section 627.7372, Florida Statutes (1985). Art. V, § 3(b)(3), Fla. Const. We agree that the statute is valid but quash the decision on other grounds.
*422 The facts of the case are recited more fully in the opinion below. For our purposes, plaintiff Tyson sued respondents alleging that respondent Matthews negligently operated his automobile causing serious injuries to Tyson and requiring extensive health care for Tyson. Blue Cross sought to intervene in the suit to recover $18,844.44 for the cost of the health care it had provided. The trial court denied intervention on the basis that section 627.7372 barred Tyson from recovering for these collateral source payments and, thus, also barred Blue Cross from recovery in subrogation. The district court affirmed and upheld the statute against challenges based on constitutional access to the courts and equal protection and on preemption by the Employee Retirement Income Security Act, 29 U.S.C. section 1001-1381. We hold that the statute does not bar the subrogation rights of the health care insurer, Blue Cross. This obviates the constitutional and preemption issues.
Section 627.7372(1) provides:
In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral source.
Collateral sources include "[a]ny health, sickness, or income disability insurance; [and] automobile accident insurance that provides health benefits or income disability coverage... ." § 627.7372(2)(b). The direct purpose and effect of the statute is to prevent double recovery by plaintiffs of collateral source payments in personal injury suits arising from motor vehicle accidents. Under its terms, the plaintiff continues to claim full damages but the jury is instructed to subtract any collateral source payments from its damages verdict. There is no question that the statute is applicable to Tyson and bars double recovery. However, by its terms, section 627.7372 does not prohibit recovery under subrogation by the payor of collateral source benefits from the tortfeasor.
Florida has long recognized the subrogation rights of an insurer to recover payments made to an insured for injuries which were caused by a tortfeasor. Atlantic Coast Line Railroad v. Campbell, 104 Fla. 274, 139 So. 886 (1932). The issue here is whether the provisions of section 627.7372 prohibiting double recovery by an insured tort victim in a motor vehicle accident also prohibit recoupment by the health insurer from the tortfeasor.
In Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325 (Fla. 1981), a plaintiff-insured challenged the provisions of sections 627.736(3) and 627.7372 prohibiting double recovery on the constitutional grounds that the statutes denied access to the courts and equal protection. We held there was no denial of access to the courts because the statutes "merely prevent injured plaintiffs from recovering monies which, equitably speaking, belong to their insurers." Id. at 1329 (emphasis supplied). We also held that there was no denial of equal protection in placing plaintiffs who are injured in motor vehicle accidents into a special classification because the "classification bears a reasonable relation to the legislative goal of reducing suits among automobile insurance carriers." Id. (emphasis supplied).
Respondent makes two primary arguments in support of the district court decision. The first is that subrogee-insurer Blue Cross stands in the shoes of the subrogor-insured Tyson and has no cause of action because section 627.7372 and Purdy eliminated Tyson's cause of action. We disagree. Purdy was based on the proposition that the statute merely prevented plaintiffs from recovering money belonging to their insurers and that plaintiffs could waive their rights to receive collateral source benefits from insurers and sue the tortfeasor for the full amount of their damages. As we read section 627.7372, it does not bar a cause of action by either the plaintiff insured or his insurer, it merely *423 limits the plaintiff's recovery to monies to which he is equitably entitled. We see no reason in law or equity why a health insurer should not be entitled to a single recovery of costs caused by the tortfeasor.
Respondents' second argument is that by enacting a no-fault concept of motor vehicle insurance, the legislature intended to limit in-fighting within the insurance industry by limiting suits between insurers. Thus, respondents urge, Blue Cross, as an insurer who suffers no competitive disadvantage against other health insurers, should not be permitted to sue to recover collateral source benefits paid to its insured. Respondents' argument is fallacious. The statute in question is contained in the Florida Motor Vehicle No-Fault Law, section 627.730, which establishes the no-fault concept between motor vehicle insurers. This is equitable and beneficial to such insurers because each insurer receives both benefits and detriments; in other words, losing the right to sue other motor vehicle insurers is washed out by gaining the right not to be sued by other such insurers. This equitable arrangement breaks down, however, if the other insurer is a health insurer. The arrangement becomes a one-way transaction with the health insurers always transferring money to the vehicle insurers. The motor vehicle insurance industry would benefit from transferring part of its claims cost to the health insurance industry which might, conceivably, result in lower vehicle insurance rates. However concerned it was with high motor vehicle insurance rates, we do not believe the legislature intended to disguise the costs of such insurance by transferring part of the burden to the health insurance industry and its customers.
In support of their second point, respondents argue that an unfavorable ruling will increase the number of suits between insurers and result in increased costs to the public. We are not persuaded that this is rationally so. The amount of collateral source benefits received by motor vehicle tort victims should be readily ascertainable and would not appear to lend itself to added litigation between experienced insurance companies. In any event, we do not read the statute as precluding such suits. If there is a problem with increased suits, the appropriate forum for a remedy is the legislature, not the courts.
For the reasons set forth above, we hold that section 627.7372 does not bar the subrogation rights of a health insurer to recover from the tortfeasor the costs of benefits paid to an insured.
The decision of the district court is quashed and the cause remanded for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.