568 So.2d 123 (1990)
Michele J. MEASOM, Appellant,
v.
RAINBOW CONNECTION PRESCHOOL, INC., Etc., Appellee.
No. 89-2310.
District Court of Appeal of Florida, Fifth District.
October 18, 1990.
*124 James A. Sisserson of Nance, Cacciatore, Sisserson & Duryea, Melbourne, for appellant.
J. Charles Ingram and Kurt M. Spengler of Hannah, Marsee, Beik & Voght, Orlando, for appellee.
HARRIS, Judge.
Michele J. Measom, individually and as guardian of her daughter, Kristina, sued for damages for injuries sustained by Kristina while attending preschool. Only those damages awarded to Measom individually for future medical expenses are the subject of this appeal.
It was agreed prior to trial that any setoff because of the collateral source doctrine would be determined by the court after the jury verdict. The jury returned a verdict of $2,000 for past medical expenses and $8,000 for future medical expenses. The trial court then reduced both awards by 70%. Measom appeals claiming that Section 768.76, Florida Statutes (1989) does not authorize the court to setoff unearned collateral source benefits from future medical expenses. We agree and reverse.
Collateral source benefits are not "otherwise available" to the insured at the time the court reduces the award if such benefits are dependent upon future employment. The statute does not purport to benefit the tortfeasor by deducting collateral sources to which the insured may be entitled in the future.
In addition, the statute expressly precludes such setoff. Section 768.76(1) provides that "there shall be no reduction for collateral sources for which a right of subrogation exists." The Florida Supreme Court in Blue Cross and Blue Shield of Florida, Inc. v. Matthews, 498 So.2d 421 (Fla. 1986) held that Florida has long recognized the subrogation rights of an insurer to recover payments made to an insured for injuries which were caused by a tortfeasor.
While it is true that Measom's insurance carrier did not have a contractual right of subrogation, Section 768.76(1) does not require a contractual right. Matthews did not mention contractual subrogation, but referred instead to the "long recognized subrogation rights of an insurer" and relied on an old common law subrogation case as authority.[1]
For the foregoing reasons this matter is reversed with instructions to reinstate the entire jury award for future medical expenses.
REVERSED.
COWART and GOSHORN, JJ., concur.
NOTES
[1] Atlantic Coast Line Railroad v. Campbell, 104 Fla. 274, 139 So. 886 (1932).