DOWNEY, Judge.
This is a plenary appeal from a judgment based upon the dismissal of an amended complaint for subrogation brought by an insurer’s use plaintiff against a third party tortfeasor.
The use plaintiff, Joseph John Giancola, was injured in Orlando, Florida, when struck by a motor vehicle owned by Thrifty Rent-A-Car Systems, Inc., and operated by Dean Wayne Scott. Giancola was a resident of New Jersey, Scott was a resident of Arizona, and Thrifty is an Oklahoma corporation. Giancola, the owner of a New Jersey automobile insurance policy, issued by Selective Insurance Company of America, brought a subrogation/reimbursement action for the use and benefit of Selective against Scott to recover personal injury protection benefits paid by Selective to Giancola for the accident in question. New Jersey law recognizes the contractual right of an insurer who has paid PIP benefits to recover through subrogation where an accident occurs outside the State of New Jersey with a vehicle registered in another jurisdiction. Cirelli v. Ohio Casualty Insurance Company, 72 N.J. 380, 371 A.2d 17 (1977). The amended complaint herein alleged the occurrence of the accident, the existence of the Selective insurance policy, the payment of PIP benefits by Selective to Giancola and the nonresidence of the respective parties. The trial court sustained a motion to dismiss the amended complaint on the ground that a suit to recover reimbursement of personal injury protection benefits paid to an insured, based upon the New Jersey common law of subrogation, cannot be maintained in Florida. The trial court relied upon section 627.736(3) and section 627.7372(1), Florida Statutes (1989), *851 as expressing the public policy of this state and prohibiting such recovery.
The statutory sections considered controlling by the trial court are:
Section 627.736(3), which provides:
(3) INSURED’S RIGHTS TO RECOVERY OF SPECIAL DAMAGES IN TORT CLAIMS.—No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit.
And section 627.7372(1), which provides:
(1)In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral source.
Since all of the “players” in this scenario are nonresidents, the public policy of Florida to protects its citizens is not a concern. In Amica Mutual Insurance Company v. Gifford, 434 So.2d 1015 (Fla. 5th DCA 1983), the court recognized the right of a foreign insurance company to enforce the contractual right to recover PIP benefits paid by the foreign insurer to a foreign insured even though the accident occurs in Florida. No Florida public policy was found to be offended. We commend the consideration of said case for its explication of the applicability of the public policy of Florida to this factual situation.
Furthermore, section 627.736(3) does not prohibit this action because appellant has paid PIP benefits to Giancola and now seeks reimbursement from the person responsible, the tortfeasor. Appellant seeks no lien or any recovery which Gianco-la might have “by judgment, settlement or otherwise.” The prohibition contained in the subject statute is against a proceeding to obtain a lien on the insured’s interest in the fruits of the insured’s efforts to be compensated.
Nor do we find section 627.7372(1) a barrier to recovery here because the purpose of this section is to preclude double recovery by a plaintiff in a personal injury action. The factual scenario here does not threaten a result antagonistic to the purpose of said section. On the contrary, we conclude that the appellant has paid PIP benefits to its insured, Giancola, and as to him the case is closed. He cannot recover such benefits against the tortfeasor, so the guilty party is protected from any threat of double recovery against him. That leaves the tortfeasor, who should pay, and the insurer, who has paid. As between them, the law of subrogation is clear; the tort-feasor should bear the loss. This simple principle was laid out clearly by the Supreme Court of Florida in Blue Cross & Blue Shield of Florida, Inc. v. Matthews, 498 So.2d 421 (Fla.1986), wherein it said:
The direct purpose and effect of the statute is to prevent double recovery by plaintiffs of collateral source payments in personal injury suits arising from motor vehicle accidents. Under its terms, the plaintiff continues to claim full damages but the jury is instructed to subtract any collateral source payments from its damages verdict.... However, by its terms, section 627.7372 does not prohibit recovery under subrogation by the payor of collateral source benefits from the tortfeasor.
Florida has long recognized the subro-gation rights of an insurer to recover payments made to an insured for injuries which were caused by a tortfeasor. The issue here is whether the provisions of section 627.7372 prohibiting double recovery by an insured tort victim in a motor vehicle accident also prohibit re-coupment by the health insurer from the tortfeasor.
[[Image here]]
As we read section 627.7372, it does not bar a cause of action by either the plaintiff insured or his insurer, it merely limits the plaintiff’s recovery to monies to which he is equitably entitled. We see no reason in law or equity why a health insurer should not be entitled to a single *852 recovery of costs caused by the tort-feasor.
Accordingly, we reverse the judgment dismissing appellant’s amended complaint and remand this cause for further proceedings consistent herewith.
WALDEN, J., and WESSEL, JOHN D., Associate Judge, concur.