579 So.2d 863 (1991)
BLUE CROSS/BLUE SHIELD UNITED OF WISCONSIN, Appellant,
v.
Inverrary Hotel Corp., D/B/a Hilton Hotel, and D/B/a Hilton Inn & Conference Center at Inverrary, Appellee.
No. 90-0426.
District Court of Appeal of Florida, Fourth District.
May 22, 1991.
W. Edward McIntyre and Joel L. Kirschbaum, Esler & Kirschbaum, P.A., Fort Lauderdale, for appellant.
Richard A. Sherman and Rosemary B. Wilder, Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Adele Blackmore, Law Offices of Alan L. Landsberg, Hollywood, for appellee.
STONE, Judge.
We affirm a summary final judgment for the defendant, Inverrary Hotel, on a subrogation claim brought by Blue Cross for medical benefits paid to its insured, Mildred Burstein. The insured was injured in a slip and fall at the hotel.
Blue Cross had a right to seek reimbursement by subrogation under its policy for sums paid to its insured. Several years earlier Burstein sued the hotel for her injuries and in that action Blue Cross filed a "claim of lien". Subsequently, Blue Cross sought leave to intervene in that case but before its motion was heard the case was settled and dismissed. As a result, the trial court in that case granted a Burstein motion to dismiss an unserved Blue Cross *864 pleading for lack of jurisdiction. No appeal was taken by Blue Cross. Subsequently, Blue Cross brought this independent action on the subrogated claim against the hotel alone.
The hotel asserts that Blue Cross is not entitled to subrogation following the settlement and dismissal, and that, during the two year pendency of the first action, Blue Cross sat on its rights, failed to seek an equitable distribution of the proceeds, untimely sought intervention and failed to appeal the dismissal of its claim.
The trial court properly determined that Blue Cross was barred from a subrogation claim against the hotel which would have resulted in a double payment. Blue Cross did not intervene in the first suit, and it can only assert a subrogation claim by "standing in the shoes" of its insured. Here, it is clear that Burstein could not prevail in a subsequent action against the hotel after accepting the settlement, signing all settlement documents and stipulating to dismissal of the first suit. Her insurer, by its contract with her, acquired no greater rights. E.g., Jones v. Bradley, 366 So.2d 1266 (Fla. 4th DCA 1979). See also Florida Farm Bureau Mut. Ins. Co. v. Fla. Fruit & Vegetable Ass'n, 436 So.2d 1052 (Fla. 4th DCA 1983); Cook Motor Co. v. Vaughn, 189 So.2d 536 (Fla. 1st DCA 1966). In Jones, this court stated, the insurer "must exercise such rights under the same conditions and limitations as were binding on the creditor [subrogor], and hence, can be subrogated to no greater rights than one in whose place he has substituted."
Because we recognize that, in the absence of statutory or other authority, the insurer may not force the third party to pay twice for the same expenses in a claim founded purely on subrogation, there is no need to address the other issues argued. Subrogation is the sole basis for appellant's claim and no tort or statutory lien claims against the hotel are involved. We also note that section 627.7372, Florida Statutes, the Tort Reform Act, which provides for the reduction of a claim against a tortfeasor by the amount of collateral source payments under certain circumstances, was inapplicable here and that the unauthorized claim of lien filed by appellant in the first action was of no legal effect. Therefore, the judgment is affirmed. We find nothing in Jack Eckerd Corp. v. Williamson Cadillac Leasing, Inc., 507 So.2d 1102 (Fla. 1987) or Blue Cross and Blue Shield of Florida, Inc. v. Matthews, 498 So.2d 421 (Fla. 1986), or the other authorities relied on by appellant, recognizing subrogation rights of health care insurers, to be inconsistent with this position.
ANSTEAD, J., and FENNELLY, JOHN, Associate Judge, concur.