619 So.2d 459 (1993)
James C. HIGH, Sr., and James C. High, Jr., Appellants,
v.
GENERAL AMERICAN LIFE INSURANCE COMPANY, Appellee.
No. 92-1318.
District Court of Appeal of Florida, Fourth District.
June 9, 1993.
Opinion Denying Rehearing August 11, 1993.
*460 Gary A. Esler and Laurie Moss of Esler, Petrie & Salkin, Fort Lauderdale, for appellants.
Susan M. Seigle of Foley & Lardner, West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
Because appellants were exposed to a substantial liability as a result of a automobile collision in which a Mr. Scheidell was seriously injured, their automobile liability insurer paid its policy limits to Mr. Scheidell in exchange for a full and complete release of appellants of all liability. Some sixteen months later the General American Life Insurance Company, (appellee) brought this suit against appellants to recover the substantial sums it had paid to Mr. Scheidell as an insured under its major medical insurance policy. Although appellants pleaded affirmatively the admittedly valid release executed by Mr. Scheidell, the trial court held such release ineffective to bar appellee's suit. At the close of all evidence in the jury trial of this action, the court directed a verdict for appellee on the issue of liability and its claimed damages. We hold that the valid release from Mr. Scheidell was a bar to appellee's suit based solely on a claim of subrogation to the rights of Mr. Scheidell. It is not necessary to consider or decide the other issues.
Both appellants and appellee find comfort in the supreme court's decision in the case of Blue Cross and Blue Shield of Florida v. Matthews, 498 So.2d 421 (Fla. 1986). First, appellants argue that the holding in Matthews would preclude recovery in this case because Matthews applies only when the health insurer has a contractual subrogation right which, without dispute, appellee did not have. Second, they argue Matthews would limit the insurer's recovery to that to which it is "equitably entitled". We find neither holding expressed in the court's opinion. Appellee argues that the court's clearly expressed holding, i.e., that Section 627.7372, Florida Statutes (1985) does not bar the subrogation rights of a health insurer to recover from a tortfeasor the cost of benefits paid to its insured, is totally dispositive of this appeal. The bar to the insurer's recovery in this case, however, is not the statute dealing with collateral sources, but the release executed by the insured to whose rights the insurer was subrogated.
In the Matthews case the court stated that "Florida has long recognized the subrogation rights of an insurer to recover payments made to an insured for injuries which were caused by a tortfeasor", citing for that proposition the case of Atlantic Coast Line R.R. v. Campbell, 104 Fla. 274, 139 So. 886 (1932). It is refreshing to see the high court from time to time cite the older cases as precedent, if for no other reason than to remind us that some established principles of law remain steadfast despite the modern tendency to innovate. In the Atlantic Coast Line case the court, in discussing the doctrine of subrogation pointed out that "... the insurer can take nothing by subrogation in any case but the rights of the insured." The concepts relating to subrogation remain essentially the same to this time. See, e.g., Underwriters at LLoyds v. City of Lauderdale, 382 So.2d 702 (Fla. 1980) (subrogation allows a party required to pay a legal obligation owed by another to step into the shoes of the injured party and assert the latter's original claim against the wrongdoer); Holyoke Mut. Ins. Co. v. Concrete Equip., 394 So.2d 193 (Fla. 3d DCA 1981) (a party's right of subrogation is limited by any impediment in the injured party's claim). Thus, if the release barred a further claim against appellants by Mr. Scheidell it barred a further claim against appellants by one subrogated to Mr. Scheidell's rights.
*461 When Mr. Scheidell executed a release of the appellants, he could no longer assert any claim against them arising out of the automobile accident. Appellee stands in the shoes of its insured and can have no greater rights, Blue Cross/Blue Shield United of Wisconsin v. Inverrary Hotel Corp., 579 So.2d 863 (Fla. 4th DCA 1991) and thus is likewise barred by the release. We think the law is clear that if one who sustains loss as a result of negligence or wrongdoing of another releases the tortfeasor, an insurer subrogated to the right of the injured party is barred by that release. See, State Farm Mut. Auto. Ins. Co. v. Herrin, 230 So.2d 709 (Fla. 2d DCA 1969); DeCespedes v. Prudence Mut. Casualty Co., 193 So.2d 709 (Fla. 2d DCA 1969), affirmed, 202 So.2d 561 (Fla. 1967).
Appellee argues that Mr. Scheidell, could release the appellants only as to claims which Mr. Scheidell then had against appellants, and, it argues, because Mr. Scheidell was precluded by Section 627.7372, Florida Statutes (1985) from claiming collateral source benefits from appellants, his release could not extend to such collateral source benefits. However, Mr. Scheidell may not split his cause of action, Mims v. Reid, 98 So.2d 498 (Fla. 1957); Forsyth v. Southern Bell Tel. & Tel. Co., 162 So.2d 916 (Fla. 1st DCA 1964), and appellee's right of subrogation, while giving it standing to sue, Atlantic Coast Line R.R. v. Campbell, supra, does not give it the right to split Mr. Scheidell's cause of action, when he could not have done so. Appellee's unquestioned right of subrogation should have been asserted by moving for leave to intervene as a party plaintiff in Mr. Scheidell's suit against appellants, a right to which it was entitled. Blue Cross and Blue Shield of Fla. v. Matthews, supra.
The judgment in favor of appellee is reversed and this cause is remanded with instructions to enter judgment in favor of appellants.
Reversed and remanded.
HERSEY and GUNTHER, JJ., concur.

ON MOTION FOR REHEARING
OWEN, WILLIAM C., Jr., Senior Judge.
The final sentence of the penultimate paragraph of our opinion states as follows:
Appellee's unquestioned right of subrogation should have been asserted by moving for leave to intervene as a party plaintiff in Mr. Scheidell's suit against appellants, a right to which it was entitled. Blue Cross and Blue Shield of Florida v. Matthews, supra.

Appellee, in its timely filed motion for rehearing, points out quite correctly that there was never a law suit between their insured, Mr. Scheidell, and the appellants in which General American could have intervened. We are pleased to set the record straight factually. Consistent therewith, we delete from our opinion the quoted sentence which, contrary to appellee's assertion, was not the essence of our decision but rather was a gratuitous comment, unnecessary to the decision and thus, pure dicta.
What was essential to our decision, and was not made clear in our opinion although it should have been, was that although appellants' liability insurer was on notice at the time of the settlement that Scheidell had a health carrier that was paying benefits, General American did not perfect its subrogation rights until nearly one year after the settlement between Mr. Scheidell and appellants' liability insurer. It was appellee's failure to timely perfect its subrogation rights which permitted the release executed by Mr. Scheidell to be a bar to appellee's suit against the tort-feasors. With the correction to our opinion, the motion for rehearing is denied.
Rehearing denied.