627 So.2d 46 (1993)
Michael E. BRUNER and wife, Kathy C. Bruner, Appellants,
v.
CATERPILLAR, INC., f/k/a/ Caterpillar Tractor Company, and Burford Equipment Company, Appellees.
No. 92-2237.
District Court of Appeal of Florida, First District.
November 12, 1993.
*47 Edmund D. Quintana of Burke & Blue, P.A., Panama City and James C. Adkins of Carson, Linn & Adkins, Tallahassee, for appellants.
John M. Fite of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for appellees.
ALLEN, Judge.
The appellants raise several issues in this civil case, each of which we find to be without merit. The appellee Caterpillar cross-appeals, contesting the court's denial of a collateral source offset under section 768.76, Florida Statutes. We find this issue to be likewise without merit. The asserted offset was based on the appellant Michael Bruner's receipt of workers' compensation benefits, for which the workers' compensation insurer had a statutory subrogation right under section 440.39(2), Florida Statutes. Although the workers' compensation insurer claimed no subrogation interest in accordance with a negotiated agreement for settlement of the workers' compensation claim, the appellee was not a party to and had no interest in the workers' compensation action. Its liability as a defendant in the appellants' separate civil action is unaffected by the private allocation of rights in the workers' compensation action. A collateral source offset pursuant to section 768.76(1) is not allowed due to the statutory subrogation right which pertains under section 440.39(2), as section 768.76 does not imbue a wrongful tortfeasor with the benefit of a plaintiff's settlement of a third party claim with a negotiated subrogation waiver. See also Respess v. Carter, 585 So.2d 987 (Fla. 5th DCA 1991). The court thus properly declined to grant the appellee's request for a collateral source offset, and the challenged order is affirmed.
BARFIELD, J., concurs.
BOOTH, J., concurs with written opinion.
BOOTH, Judge, specially concurring.
I fully concur in the majority's disposition of the issues raised by appellants and in the holding that appellee has no entitlement under section 768.76, Florida Statutes, to a collateral source offset for workers' compensation benefits received by Michael Bruner. I write separately to more fully explain what I believe to be the basis for the majority's holding. Section 768.76(1) permits a tortfeasor an offset in the amount of any collateral source of indemnity unless the source of indemnity has a right of subrogation. Under section 440.39(2), Florida Statutes, an employer or workers' compensation insurer has a right of subrogation to an injured employee's rights against a third-party tortfeasor. It is the existence of this right of subrogation, not the exercise of such right, which prevents appellee from being entitled to a collateral source offset. The purpose of the two statutes is to permit an injured person having both a third-party tort claim and a workers' compensation claim to achieve no less than, nor more than, a full recovery. Because Michael Bruner presumably accepted a lesser amount in settlement of his workers' compensation claim in exchange for the *48 workers' compensation insurer's waiver of its subrogation right, permitting appellee to receive the benefit of this bargain would thwart the purpose of the statutes. In view of this, appellee's contention that denying the offset would permit a double recovery particularly lacks merit.