PER CURIAM.
State Farm Mutual Automobile Insurance Company [State Farm] appeals from a final judgment denying State Farm’s motions for costs and attorney’s fees and from a non-final order adjudicating the statutes unconstitutional. We reverse and remand. The plaintiffs, Miriam and Joseph Egan, cross-appeal *1077 the denial of a motion in limine to exclude collateral sources of income. We affirm in part and reverse in part.
The plaintiffs filed an action against State Farm for uninsured motorist benefits as a result of an automobile accident. Prior to trial, State Farm filed an offer of judgment for $25,000.00. The plaintiffs rejected the offer of judgment.
At the commencement of the trial, the plaintiffs moved in limine to exclude any evidence that Miriam’s lost time at work had been paid by her employer, Florida Atlantic University, through the depletion of vacation and compensation time. The plaintiffs contended that the vacation and compensation time constituted a collateral source and, therefore, should not be considered by the jury. The trial court denied the motion in limine. During the second day of trial, State Farm stipulated that the plaintiffs could have a continuing objection to the introduction of evidence concerning payment of compensation time and vacation time. The trial court ruled that if the plaintiffs could prove that the payment was a dollar loss, it would be admissible. Miriam Egan testified that for every hour overtime she worked she was given an extra hour to take off whenever she wanted. In addition, she was given three weeks a year vacation and sick leave. She used her accumulated benefits to pay for the time she was off between June 21, 1988, and June 2, 1989. The plaintiffs contended that they were entitled to her lost wages. State Farm contended that she had been paid for her lost time.
The jury returned a verdict in favor of the plaintiffs finding that Miriam had sustained permanent injury within a reasonable degree of medical probability and awarded damages in the amount of $27,754.30, including $1,254.30 for medical expenses, lost earnings, and earning ability in the past. The trial court reduced the verdict by $15,000.00, the amount the plaintiffs had received as a settlement from Allstate Insurance Company, the underlying liability insurance carrier.
Following the reduction of the verdict, State Farm filed its motion to tax costs and for attorney’s fees pursuant to sections 768.79 and 45.061, Florida Statutes. In opposition, the plaintiffs filed their motion to find both statutes unconstitutional. The trial court denied State Farm’s requests and found the statutes unconstitutional.
The case relied on by the trial court, Milton v. Leapai, 562 So.2d 804 (Fla. 5th DCA 1990) has been reversed by the Florida Supreme Court in Leapai v. Milton, 595 So.2d 12 (Fla.1992). We must, therefore, reverse the trial court’s finding that section 45.061, Florida Statutes is unconstitutional. This cause is remanded to the trial court for further consideration as to the appropriateness of an award of attorney’s fees and costs to State Farm.
The plaintiffs cross-appeal contending that the trial court erred in denying their motion in limine where the payment of vacation time and compensation time benefits was a collateral source which should not have been considered by the jury.
Section 627.7372, Florida Statutes (1989) provides, in pertinent part, as follows:
(1) In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral source.
(2) For purposes of this section, “collateral sources” means any payments made to the claimant, or on his behalf, by or pursuant to:
⅜ ⅜ ⅜ ⅝: ⅜ ⅜
(d) Any contractual or voluntary wage continuation plan provided by employers or any other system intended to provide wages during a period of disability.
The purpose of section 627.7372 is to prevent double recovery by plaintiffs of collateral source payments in personal injury suits arising from motor vehicle accidents. Blue Cross & Blue Shield of Fla., Inc. v. Matthews, 498 So.2d 421 (Fla.1986). Similarly, section 768.76(2)(a)4, Florida Statutes (1989), defines collateral sources as “any payments made to the claimant, or made on his behalf, *1078 by or pursuant to [a]ny contractual or voluntary wage continuation plan provided by employers or by any other system intended to provide wages during a period of disability.”
As we interpret the statute, it does not treat as a collateral source all employer-provided leave, but only leave pursuant to a wage continuation plan or other system “intended to provide wages during a period of disability.” Id. § 627.7372(2)(d). Thus sick leave or paid disability leave would be considered a collateral source under the statute.
The statute is intended to keep the employee from making a claim for wage loss during the period that she was receiving sick leave benefits. Those are benefits which the employee is entitled to take when the employee is sick or disabled. Those benefits cannot be used for another purpose. The plaintiff was made whole in terms of wage loss during the period of time that she received sick leave benefits. If the defendant has to pay the plaintiff for the period of her sick leave, then the plaintiff would receive a double recovery.
However, annual leave and compensatory time are totally different. The employee can use annual leave and compensatory time for any purpose. Annual leave and compensatory time are not restricted to use for periods of disability. Where the employee has to use annual or compensatory leave because of physical injury, there is a compen-sable loss to .the employee because the employee could have used annual or compensatory leave for other purposes. Annual and compensatory leave are not a “wage continuation plan ... or other system intended to provide wages during a period of disability.” Id. Consequently, annual leave and compensatory leave are not a collateral source under the statute.
When the case went to the jury, defendant argued that the plaintiff should not be paid for any of the time she was out of work because she had already been paid by FAU. That argument was impermissible. The employee had used sick leave and compensatory leave. Sick leave was a collateral source, but compensatory time was not. Plaintiff made a timely objection on that point, which should have been sustained as to compensatory time. We reverse the damage award and remand for recalculation of the claim for wage loss.
Affirmed in part, reversed in part, and remanded.