William Patrick CORLEY, Plaintiff,

The Hardaway Company,
Plaintiff/Intervenor,

v.

WICHITA ELECTRIC CO.,
INC., Defendant.

No. 94–1063–MLB.

United States District Court,
D. Kansas.

April 26, 1995.

Bradley A. Pistotnik, Brian D. Pistotnik, Affiliated Attys. of Pistotnik Law Offices, P.A., Wichita, KS, for plaintiff.

Richard L. Honeyman, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, for defendant.

Douglas C. Hobbs, Kristin J. Blomquist, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Wichita, KS, for plaintiff/intervenor.

## ORDER

REID, United States Magistrate Judge.

On April 17, 1995, the intervenor, The Hardaway Company, filed an objection in part to this court's order of April 3, 1995 (Doc. 51). In their motion, The Hardaway Company points out that the court did not consider their reply brief, filed on February 24, 1995. The court acknowledges that the reply brief was inadvertently not forwarded to the court for its consideration. Therefore, the court has reconsidered its ruling and has reviewed the reply brief.

The court, in its order, agreed with the analysis of the defendant that subrogation is not the proper remedy on the facts of this situation. It is that finding that the intervenor challenges in this motion to reconsider.

Subrogation is a creature of equity invented to prevent a failure of justice and is broad enough to include every instance in which one party is required to pay a debt for which another is primarily responsible. *Western Surety Co. v. Loy,* 3 Kan.App.2d 310, 312, 594 P.2d 257 (1979). Subrogation

**13**

contemplates one person stepping into the shoes of another person. *Allied Mutual Insurance Co. v. Gordon,* 248 Kan. 715, 727, 811 P.2d 1112 (1991); *Halpin v. Frankenberger,* 231 Kan. 344, 350, 644 P.2d 452 (1982). Subrogation is an equitable doctrine that allows a person or entity which pays the loss or satisfies the claim of another under a legally cognizable obligation or interest to step into the shoes of the other person and assert that person's rights. *Educators Mutual Insurance Association v. Allied Property and Casualty Insurance Co.,* 890 P.2d 1029, 1030 (Utah 1995); *In re Guardianship and Conservatorship of Bloomquist,* 246 Neb. 711, 523 N.W.2d 352, 359 (1994); *High v. General American Life Insurance Co.,* 619 So.2d 459, 460 (Fla.Dist.Ct.App.), *rev. denied,* 629 So.2d 133 (Fla.1993). The doctrine of subrogation is a creature of chancery. It is a method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the claim or debt so paid. One who asserts a right of subrogation must step into the shoes of, or be substituted for, the one whose claim or debt he has paid and can only enforce those rights which the latter could enforce. *Dix Mutual Insurance Co. v. LaFramboise,* 149 Ill.2d 314, 173 Ill.Dec. 648, 650, 597 N.E.2d 622, 624 (1992).

Intervenor, in their motion, seek to be "subrogated to Wichita Electric Company in that The Hardaway Company has paid a debt for which Wichita Electric Company is primarily answerable" (Doc. 41, memo at 2). It makes absolutely no sense for Hardaway to be subrogated to step into the shoes of Wichita Electric in order to recover from Wichita Electric. Under the doctrine of subrogation, one can step into the shoes of the person or entity whose claim or debt he has paid and can only enforce those rights which the latter could enforce. If Hardaway steps into the shoes of Wichita Electric because it paid the debt of Wichita Electric, it has only those rights of Wichita Electric. The court is aware of no legal principle that allows a person or entity to recover from itself. Therefore, the subrogation claim sought to be advanced by Hardaway fails to state a claim and therefore should not be permitted.

IT IS THEREFORE ORDERED that upon reconsideration, the court affirms its original decision not to permit a subrogation amendment by the intervenor.