THOMPSON, J.
Mehran Ghaeenzadeh appeals an award to Thomas J. Allan (“Allan”) of $25,000 in attorney’s fees on the ground that Ghaeenzadeh had rejected Allan’s offer of judgment.
The jury determined that Allan was liable, that Ghaeenzadeh was not permanently damaged, and that he was entitled to damages of $5,068 for past medical expenses and $8,050 for the present value of future medical expenses. The trial court also gave Allan a set off of $12,000 for insurance coverage that Ghaeenzadeh had obtained: $10,000 for PIP and $2,000 for med pay. The trial court denied a set off for APIP benefits paid.
The parties stipulated before trial that collateral source set offs would be addressed by the court after trial and would not be mentioned to the jury. To determine the amount that the insurance company paid, the deposition of a representative of Ghaeenzadeh’s insurer was taken. Ghaeenzadeh’s automobile policy provided $10,000 in personal injury benefits (PIP), $2,000 in medical payments coverage, designed to cover the amounts deductible from the PIP coverage, and $40,000 in additional medical coverage (APIP) which apparently came into effect after the PIP coverage was exhausted.
Ghaeenzadeh argues that the maximum set off should be $10,000, and Allan argues that he was entitled to a set off of $52,000, representing all of Ghaeenzadeh’s coverage. From the total jury award of $13,118 the court set off $12,000, representing the total of the $10,000 PIP coverage and the $2,000 excess medical payments coverage, and determined that Ghaeenzadeh was entitled to a verdict of $1,118. The court determined that the $1,118 was “not [sic] more than 25% less than the offer” of $3,501, and so determined that Allan was entitled to attorney’s fees and costs. Ghaeenzadeh argues that the court incorrectly determined the set off. Under Ghaeenzadeh’s asserted method of determining set off, his net judgment would have been higher and Allan would not have been entitled to attorney’s fees.
*905 Under section 627.736(3), Florida Statutes (1991) [1] an injured party who is entitled to bring suit under the no-fault law has no right to recover damages for which PIP benefits are “paid or payable.” The statute provides, however, that notwithstanding that limitation, the injured party may prove all his “special damages,” but the trier of fact may not award damages for PIP benefits that are “paid or payable.” Id. Concomitantly, an insurer cannot have a lien against the insured for PIP benefits, id, or a right to subrogation against the tortfeasor, see Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325 (Fla.1981). Thus, at least where the permanency threshold has not been met, the PIP benefits are for the most part a “wash”: the insured party obtains benefits from his or her insurer; the tortfea-sor is not liable for the expenses covered by the PIP; and insurers are entitled neither to subrogation against the tortfeasor, nor to reimbursement from the insured.
Ghaeenzadeh had three pertinent types of coverage under his automobile insurance policy. First, he had the Personal Injury Protection, or PIP, required by the no-fault law. Ghaeenzadeh also had “excess medical payments coverage” in the amount of $2,000. According to the policy, “Medical Payments Insurance pays [the] 20% of medical expenses not covered under ... Personal Injury Protection.” Finally, Ghaeenzadeh had $40,000 “Additional Personal Injury Protection,” (APIP) which pays, according to the insurance adjuster, medical expenses at 100% and wage loss at 60%. Ghaeenzadeh’s PIP and medical payments coverage had been exhausted, and the carrier made medical care payments of $13,409.92 pursuant to the APIP.
Recently, this court decided State Farm Mutual Automobile Insurance Company v. Klinglesmith, 717 So.2d 569 (Fla. 5th DCA 1998), in which we determined that medical benefits paid pursuant to section 627.7372(2)(b), Florida Statutes may be set off against a damage award, but that the unpaid medical benefits cannot. In this ease, Ghaeezadeh purchased APIP coverage of $40,000 and the insurance company actually paid Ghaeenzadeh $13,409.92, leaving a balance of approximately $26,590 worth of benefits under APIP. The payments compensated Ghaeenzadeh for his injuries. Although he could sue for his damages, he could not collect for damages already paid by collateral sources. Blue Cross and Blue Shield of Florida, Inc. v. Matthews, 498 So.2d 421 (Fla.1986). Here we find that the APIP payments should be set off like the medical payments in Klinglesmith. Thus, considering the $10,000 the court properly set off as PIP and the $13,409.92 APIP that should have been set off, the trial court was correct in awarding Allan attorney’s fees.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.

. (3) Insured’s rights to recovery of special damages in tort claims. — No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit. An injured party who is entitled to bring suit under the provisions of ss. 627.730-627.7405, or his or her legal representative, shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his or her special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable. In all cases in which a juiy is required to fix damages, the court shall instruct the jury that the plaintiff shall not recover such special damages for personal injury protection benefits paid or payable.