SHAHOOD, J.
We adopt the order of the trial court denying the collateral source set-off which made the following findings of fact and conclusions of law:
1. That the jury award of $761,641.09 made the Plaintiff whole;
*1207 2. That a common law right of equitable subrogation existed for the disability-insurance policy payments made to the Plaintiff, George Herrera;
3. The Plaintiff has settled the common law equitable subrogation lien with the disability carrier and received a negotiated release of the aforesaid hen in exchange for a payment of $1,000.00 from the Plaintiff, George Herrera.
Based upon these findings of fact the Court determines that:
1. Pursuant to F.S. § 768.76[1], there existed a common law right of equitable subrogation for the disability insurance payments made to the Plaintiff for his loss of income. Accordingly, the Defendants are not entitled to a collateral source set-off for these payments. Measom v. Rainbow Connection Preschool, Inc., 568 So.2d 123 (Fla. 5th DCA 1990).
2. The disability carrier’s release or waiver of its common law right of equitable subrogation, pursuant to a negotiated settlement, does not destroy the character of the disability payments and they were collateral source payments for which a common law right of equitable subrogation existed. Sutton v. Ashcraft, 671 So.2d 301 (Fla. 5th DCA 1996).
3. Section 768.76 of the Florida Statutes does not imbue a wrongful tortfea-sor with the benefit of a plaintiffs settlement of a third party claim with a negotiated subrogation waiver. Bruner v. Caterpillar, 627 So.2d 46 (Fla. 1st DCA 1993).
AFFIRMED.
WARNER and HAZOURI, JJ, concur.

. See § 768.76 Fla. Stat. (1999).